Stanley R. Apps, Esq. (SBN 309425)
Law Offices of Robert S. Gitmeid, P.C.
11818 Moorpark Street, No. R
Studio City, CA 91604
Tel: (310) 709-3966
Email: stanley.a@gitmeidlaw.com
　　　　stan@appsatlaw.com

*Attorney for Plaintiff Danielle L. Palmer*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### SOUTHERN DIVISION

| | |
|---|---|
| Danielle L. Palmer,<br><br>　　　　Plaintiff,<br>vs.<br><br>Experian Information Solutions, Inc.,<br><br>　　　　Defendant. | <u>**Case no.**</u><br><br>**COMPLAINT FOR VIOLATIONS OF FAIR CREDIT REPORTING ACT [15 USC § 1681, et seq.]**<br><br>**DEMAND FOR JURY TRIAL** |

COMES NOW the plaintiff by and through her attorney of record, and hereby files this complaint and alleges as follows:

### **I. INTRODUCTION**

1. This is an action for damages brought by an individual consumer for Defendant's violations of the Fair Credit Reporting Act, 15. U.S.C. § 1681, et seq. (the "FCRA"). The FCRA prohibits furnishers of credit information from falsely and inaccurately reporting consumers' credit information to credit reporting agencies.

## II. JURISDICTION

2.1 This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1331 because the rights and obligations of the parties in this action arise out of 15 U.S.C. § 1681 and 15 U.S.C. § 1681p, which provides that an action to enforce any liability created under 15 U.S.C. § 1681 may be brought in any appropriate United States District Court, without regard to the amount in controversy.

2.2 Venue in this district is proper pursuant to 28 U.S.C. § 1391(b)(1) because Defendant is a resident of the state of California and this judicial District. Venue is also proper to 28 U.S.C. § 1391(b)(2) because a substantial part of the events and omissions giving rise to Plaintiff's claims occurred in California.

2.3. This Court may exercise personal jurisdiction over Defendant, because Defendant is a resident of the State of California and of this judicial District.

## III. PARTIES

3.1 Plaintiff Danielle L. Palmer (hereinafter "Plaintiff") was, at all times relevant hereto, a resident of Bolivar, New York. Plaintiff is a "consumer" as defined by 15 U.S.C. §1681a(c) of the FCRA.

3.2 Defendant Experian Information Solutions, Inc. ("Experian") is a corporation that engages in the business of maintaining and reporting consumer credit information. It has a principal place of business located at 475 Anton Boulevard, Costa Mesa, CA, 92626. Experian is a "consumer reporting agency" ("CRA") as defined in Section 1681a(f) of the FCRA. Experian is one of the largest CRAs in the world.

## IV. FACTS

4.1 Comenity Bank d/b/a Victoria's Secret ("Comenity") issued an account ending in 8495 to Plaintiff; the account was routinely reported on Plaintiff's consumer credit report.

4.2 The consumer report at issue is a written communication of information concerning Plaintiff's credit worthiness, credit standing, credit capacity, character, general reputation, personal characteristics, or mode of living which is used or for the purpose of serving as a factor in establishing the consumer's eligibility for credit to be used primarily for personal, family, or household purposes as defined by 15 U.S.C. § 1681a(d)(1) of the FCRA.

4.3 On or about January 4, 2019, Plaintiff and Second Round, LP, on behalf of Crown Asset Management, LLC, entered into a settlement agreement for the above referenced account. A copy of the settlement agreement is attached hereto as **Exhibit A.**

4.4 Pursuant to the terms of the settlement, Plaintiff was required to make six (6) monthly payments totaling $477.00 to settle and close her Crown Asset Management, LLC account.

4.5 Plaintiff, via her debt settlement representative, timely made the settlement payments. Proofs of these payments are attached hereto as **Exhibit B.**

4.6 However, over half a year later, Plaintiff's account continued to be negatively reported by the original creditor, Comenity.

4.7 In particular, on a requested credit report dated November 18, 2019, Plaintiff's Comenity account was reported with a status of "DELINQ 120+," a balance of $1,324.00 and a past due balance of $360.00. The relevant portion of Plaintiff's credit report is attached herein as **Exhibit C.**

4.8 This trade line was inaccurately reported; as explained above, the account was settled and paid in full, and as such, must be reported as 'settled' with a balance of $0.00.

COMPLAINT FOR VIOLATIONS OF FAIR CREDIT REPORTING ACT

4.9  On or about June 24, 2020, Plaintiff, via counsel, sent a dispute letter to Defendant requesting the trade line to be corrected. A redacted copy of this dispute letter and is attached hereto as **Exhibit D.**

4.10 Therefore, Plaintiff has disputed the accuracy of the derogatory information reported by Comenity to the Consumer Reporting Agencies via certified mail in accordance with 15 U.S.C. § 1681i of the FCRA.

4.11 In December of 2020, Plaintiff requested an updated credit report from Defendant Experian. The tradeline for Plaintiff's Comenity account remained inaccurate, as Defendant failed to correct the inaccuracy. The relevant portion of the December 2020 credit report is attached herein as **Exhibit E.**

4.12 Experian did not notify Comenity of the dispute by Plaintiff in accordance with the FCRA, or alternatively, did notify Comenity and Comenity failed to properly investigate and delete the trade line or properly update the trade line on Plaintiff's credit reports.

4.13 Defendant failed to properly maintain and failed to follow reasonable procedures to assure maximum possible accuracy of Plaintiff's credit information and Plaintiff's credit report, concerning the account in question, thus violating the FCRA.  These violations occurred before, during, and after the dispute process began.

4.14 At all times pertinent hereto, Defendant was acting by and through their agents, servants and/or employees, who were acting within the scope and course of their employment, and under the direct supervision and control of the Defendant herein.

4.15 At all times pertinent hereto, the conduct of Defendant, as well as that of their agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal law and the rights of the Plaintiff herein.

## STATEMENT OF CLAIM
(Fair Credit Reporting Act)

5.1 Plaintiff reasserts and incorporates herein by reference all facts and allegations set forth above.

5.2 Plaintiff notified Defendant Experian of a dispute on the Comenity account's completeness and/or accuracy, as reported.

5.3 Experian failed to delete information found to be inaccurate, reinserted the information without following the FCRA, or failed to properly investigate Plaintiff's disputes as required by 15 U.S.C. § 1681i(a).

5.4 Experian failed to maintain and failed to follow reasonable procedures to assure maximum possible accuracy of Plaintiff's credit report, concerning the account in question, violating 15 U.S.C. § 1681e(b).

5.5 As a result of the above violations of the FCRA, Plaintiff suffered actual damages in one or more of the following categories: lower credit score, embarrassment and emotional distress caused by the inability to obtain financing for everyday expenses, higher interest rates on loan offers that would otherwise be affordable and other damages that may be ascertained at a later date.

5.6 As a result of the above violations of the FCRA, Defendant is liable to Plaintiff for actual damages, punitive damages, statutory damages, attorney's fees and costs.

**WHEREFORE**, PLAINTIFF PRAYS that judgment be entered against Defendant as follows:

1) That judgment be entered against Defendant for actual damages pursuant to 15 U.S.C. § 1681n or alternatively, 15 U.S.C. § 1681o;

2)  That judgment be entered against Defendant for punitive damages pursuant to 15 U.S.C. § 1681n;

3)  That the Court award costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1681n or alternatively, 15 U.S.C. § 1681o; and

4)  That the Court grant such other and further relief as may be just and proper.

**DEMAND FOR JURY TRIAL**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury in this action of all issues so triable.

Dated: January 7, 2021            Law Offices of Robert S. Gitmeid, P.C.

*/s/ Stanley R. Apps, Esq.*
Stanley R. Apps, Esq. (SBN 309425)
*Attorney for Plaintiff Danielle L. Palmer*

Email: stanley.a@gitmeidlaw.com

COMPLAINT FOR VIOLATIONS OF FAIR CREDIT REPORTING ACT